THOMAS GAGNON'S CASE.

Franklin.   Opinion December 14, 1921.

*In an appeal to the Law Court from a decree confirming the decision of the Industrial Accident Commission, the record should contain a sufficient amount of the evidence to make it possible to obtain therefrom the facts necessary to a proper decision of the issue involved.*

In an appeal to the Law Court from the decree of the sitting Justice confirming the decision of the Chairman of the Industrial Accident Commission, it is

*Held:*

That where the record does not contain the evidence, if any, taken out before the Industrial Accident Commission, but merely an agreed statement of facts, so meagre that it is impossible to obtain therefrom the facts necessary to a proper decision of the issue involved the entry should be,

Appeal dismissed for want of sufficient record.

On appeal.   The applicant sustained by accident personal injuries while in the employment of defendant, the American Realty Com-

pany, as a teamster. Defendant contends that applicant is not entitled to compensation for the reason that the kind of work in which he was engaged at the time of the accident is not embraced in its written acceptance, and that it is entitled to the benefits of common law defenses. The Chairman of the Industrial Accident Commission found in favor of the applicant, and defendant appealed from a decree of a sitting Justice confirming such finding. Appeal dismissed for want of sufficient record.

Case is stated in the opinion.

*James H. Carroll,* for applicant.

*Weeks & Weeks,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, MORRILL, DEASY, JJ.

CORNISH, C. J. Appeal from the decree of a sitting Justice under R. S., Chap. 50, Sec. 34, now found in Public Laws, 1919, Chap. 238, Sec. 34.

The question at issue is whether the employer's written acceptance covered the class of work in the performance of which the claimant was injured. The record before the Law Court includes the written documents and an agreed statement of facts, but not the evidence taken before the Industrial Accident Commission. The agreed statement is so meagre that it is impossible to obtain therefrom the facts necessary to a proper decision of the issue involved.

The statute requirement is that "upon any appeal therefrom the proceedings shall be the same as in appeals in equity procedure," Section 34. Appeals in equity carry with them all the evidence, *Caverley* v. *Small,* 119 Maine, 291, and it is the common practice to have the report of the evidence before the Law Court in this class of cases as in equity appeals. An agreed statement might perhaps be so full and complete as to cover every necessary point, but that is not the case here. Counsel in their briefs argue important facts which may have been in evidence but they are not contained in the record before us.

We are of the opinion, therefore, that the proper entry under the circumstances is,

*Appeal dismissed for want of sufficient record.*